

**NUMBER 13-24-00635-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**PEDRO CORONADO JR.,**                                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                            **Appellee.**

---

**ON APPEAL FROM THE 36TH DISTRICT COURT
OF SAN PATRICIO COUNTY, TEXAS**

---

**MEMORANDUM OPINION**

**Before Chief Justice Tijerina and Justices Silva and Cron
Memorandum Opinion by Justice Cron**

Appellant Pedro Coronado Jr. appeals from the trial court's judgment revoking his community supervision and adjudicating him guilty of three counts of indecency with a child by sexual contact, a second-degree felony. *See* TEX. PENAL CODE § 21.11(a)(1), (d). In one issue, Coronado argues that the judgment must be modified to delete a $1,000

fine not orally pronounced at his sentencing.[1] As modified, we affirm.

## I. BACKGROUND

The trial court entered an order for the above-referenced offenses that placed Coronado on deferred-adjudication community supervision for ten years and reflected a $1,000 fine as to count one only. *See* TEX. CODE CRIM. PROC. art. 42A.101(a). Later, the State filed a motion to adjudicate guilt alleging Coronado violated the terms and conditions of his community supervision. The trial court held a hearing on the State's motion where it found he violated his community supervision and adjudicated him guilty of the above-referenced offenses. Upon pronouncement of Coronado's sentence, the trial court stated in pertinent part, "[I] am going to order that you be delivered by the Sheriff of San Patricio County to the authorities of the Institutional Division of the Texas Department of Criminal Justice. There you're going to serve a sentence of 12 years confinement; no fine."

Subsequently, the trial court signed two judgments showing the same pronouncement and signing date, (November 22, 2024), same file-stamped date (December 4, 2024), and same file-stamped time ("10:01 am").[2] The difference between the two lies on the first page where one shows "$1,000" under "Fines" while the other shows $0.00 under "Fines." Both, however, have $1,000 listed next to the "General Fine (§ 12.32, 12.33, 12.34, or 12.35, Penal Code, or any other Code)" box, which is marked

---

[1] The State appeared in this appeal but did not favor this Court with a brief.

[2] We observe that one of the judgments was included in the clerk's record while the other was included in the second supplemental clerk's record, together with a letter from the San Patricio District Clerk stating, "It has come to our attention that the Clerk's Record that was submitted on January 17, 2025[,] was compiled with an incorrect image of the Judgment Adjudicating Guilt."

with an "X." This appeal ensued.

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

We have the authority to reform a judgment as may be necessary to make the record speak the truth. *Martinez v. State*, 527 S.W.3d 310, 329 (Tex. App.—Corpus Christi–Edinburg 2017, pet. ref'd); *see* TEX. R. APP. P. 43.2(b). "A fine is punitive in nature and is part of a defendant's sentence." *Anastassov v. State*, 664 S.W.3d 815, 820 (Tex. Crim. App. 2022) (citing *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)). "A defendant's sentence must be pronounced orally in his presence." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *see* TEX. CODE CRIM. PROC. art. 42.03, § 1(a) (providing that a "sentence shall be pronounced in the defendant's presence"); *Ex parte Madding*, 70 S.W.3d 131, 136–37 (Tex. Crim. App. 2002). And since a fine is part of the sentence, it must be included in the written judgment. TEX. CODE CRIM. PROC. art. 42.01, § 1(9). "[W]hen there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls." *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014) (citing *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); and then citing *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003)).

## III.    ANALYSIS

Although the order granting Coronado deferred adjudication indicates that the trial court initially assessed a $1,000 fine as to count one, at the time of his sentencing, the trial court imposed "no fine" in open court. *See Taylor*, 131 S.W.3d at 502 ("[W]hen guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine."); *see also Jones v. State*, No. 11-26-00014-CR, 2026 WL 2117395, at *1 (Tex. App.—Eastland July 23, 2026, no pet. h.) (mem. op., not

3

designated for publication). As such, it was improper for a $1,000 fine to be included in the judgment when the trial court imposed "no fine" in Coronado's presence during sentencing. *See Espinal v. State*, 729 S.W.3d 921, 928 (Tex. App.—Amarillo 2026, no pet.) (modifying the judgments in counts I and IV to delete the imposition of any fine after reasoning that the "$100 fines imposed by the judgments . . . were not orally pronounced in the [a]ppellant's presence"); *Gourley v. State*, 710 S.W.3d 368, 379 (Tex. App.—Fort Worth 2025, pet. ref'd) ("Here, notwithstanding the fact that Article 102.0185(a) states that the defendant 'shall' pay a $100 fine on conviction of an offense under Chapter 49 with two exceptions not relevant here, . . . the trial court did not orally pronounce the $100 fine that is included in the trial court's judgment. Thus, we sustain [appellant's] second issue and modify the trial court's judgment to delete the $100 fine."); *see also Wells v. State*, No. 08-23-00098-CR, 2023 WL 8793051, at *1 (Tex. App.—El Paso Dec. 19, 2023, no pet.) (mem. op., not designated for publication) (deleting the $100 fine where jury did not assess a fine and where the oral pronouncement of sentence did not include a fine); *Brown v. State*, No. 13-26-00088-CR, 2026 WL 1690227, at *2 (Tex. App.—Corpus Christi–Edinburg June 11, 2026, no pet.) (mem. op., not designated for publication) (reasoning that "[b]ecause the trial court did not orally pronounce a fine in [appellant's] presence when it imposed her sentence, it was improper for a $100 fine to be included in the bill of costs"). Given that the oral pronouncement of "no fine" controls here, we sustain Coronado's sole issue and modify the trial court's judgment to delete the $1,000 fine improperly shown in both. *See* TEX. R. APP. P. 43.2(b); *see also In re Arellano*, No. 13-24-00101-CR, 2024 WL 515459, at *4 (Tex. App.—Corpus Christi–Edinburg Feb. 9, 2024, no pet.) (mem. op., not designated for publication).

## IV. CONCLUSION

Having modified the trial court's judgment in removing the $1,000 fine, we affirm as modified.

JENNY CRON
Justice

Do not publish
TEX. R. APP. P. 47.2(b)

Delivered and filed on the
6th day of August, 2026.